

**U.S. Department of Justice**

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 24, 2024

Forest O'Neill-Greenberg
Assistant Federal Public Defender
Officer of the Federal Defender
51 Sleeper Street, #5
Boston, MA  02210

    Re:   <u>United States v. Alexander Giannakakis</u>
           Criminal No. 21-cr-10271-PBS

Dear Counsel:

The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, Alexander Giannakakis ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant will plead guilty to Counts Three, Four, and Five of the Indictment: Concealment of Records in a Federal Investigation, in violation of 18 U.S.C. § 1519; Tampering with Documents and Objects, in violation of 18 U.S.C. § 1512(c)(1); and Tampering with an Official Proceeding, in violation of 18 U.S.C. § 1512(c)(2). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

The U.S. Attorney will dismiss Counts One and Two of the Indictment after sentencing, so long as the Court accepts this plea agreement and sentences defendant within the agreed-upon sentencing range.

2.    <u>Penalties</u>

Defendant faces the following maximum penalties for each count, Counts Three, Four, and Five: incarceration for twenty years; supervised release for three years; a fine of $250,000; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the

Indictment.

Defendant understands that, if Defendant is not a United States citizen by birth, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3.      Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment.  If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.      Sentencing Guidelines

The parties have no agreement regarding the application of the Sentencing Guidelines. The parties agree to set forth their respective positions regarding the application of the Sentencing Guidelines within one week of receiving the final Presentence Report.  The parties agree to jointly request that the final Presentence Report be completed no later than 14 days prior to the sentencing hearing.

Defendant understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility, and may be released from the parties' agreed-upon disposition in Paragraph 5 if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation or ability to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case, including but not limited to, any evidence relevant to the factors set forth at 18 U.SC. § 3553.

5.      Agreed Disposition

The parties agree to a sentence in the following range:

    a)  incarceration for no less than 36 months and no more than 48 months;

b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

c) 36 months of supervised release;

d) a mandatory special assessment of $300, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

e) no restitution or forfeiture.

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

Pursuant to 18 U.S.C. § 3585(b), the parties agree that Defendant shall receive credit for time served in custody in Sweden, if such time was served exclusively for his detention in this matter while awaiting extradition *and* such time was not credited against any sentence imposed in connection with a crime committed outside the United States. Determinations under 18 U.S.C. § 3585(b)(l) are made by the U.S. Department of Justice, Bureau of Prisons ("BOP"). If BOP declines to give Defendant credit for time he served in Swedish custody while awaiting extradition on this matter, and the terms of this paragraph otherwise apply, the Government will not object to the Defendant's request to move the Court to revise Defendant's sentence so that it may reflect credit for time served in Sweden awaiting extradition on this matter.

Based on information known to the U.S. Attorney at the time of the execution of this agreement, the U.S. Attorney has no objection to Defendant travelling to and residing in the Kingdom of Sweden during his period of supervised release, so long as the Probation Office agrees to such a modification.

6.      Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge Defendant's <u>sentence,</u> including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

The U.S. Attorney agrees not to appeal the imposition of the sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.   <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8.   <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring

before the date of this Agreement.

9.     Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10.     Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

*          *          *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Jason A. Casey.

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By:     *Nadine Pellegrini*
Nadine Pellegrini
Chief, National Security Unit
Jared C. Dolan
Deputy Chief, National Security Unit

*Jason A. Casey*
Jason A. Casey
John T. McNeil
Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have rejected all prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____

Alexander Giannakakis
Defendant

Date: _____29 OCt 24_____

I certify that Alexander Giannakakis has read this Agreement that we have discussed what it means. I believe Alexander Giannakakis understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that I am aware that the U.S. Attorney, in addition to this offer, extended an offer to prior counsel to resolve this matter in or about June 2022, while the defendant was in Sweden and contesting his extradition to the United States. The defendant reviewed and rejected that offer and it has not been renewed.

_____

Forest O'Neill-Greenberg
Attorney for Defendant

Date: ___10/29/2024___